UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANVIERE CARLIN** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 22-cv-800-CRC |
| | : | |
| **CENTERS FOR DISEASE** | : | |
| **CONTROL & PREVENTION** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' MOTION TO VACATE ORDER STAYING PROCEEDINGS

COME NOW all plaintiffs, *pro se*, and move for an order vacating the Court's Minute Order of June 24, 2022, staying proceedings in this case pending resolution of the U.S. Court of Appeals for the 11th Circuit's decision in *Health Freedom Defense Fund v. Biden*, No. 22-11287.

Defendants Centers for Disease Control & Prevention ("CDC") and Department of Health & Human Services ("HHS") moved for a stay June 23. Doc. 14. The Court, without awaiting our opposition, granted the motion in a Minute Order the next day. Plaintiffs objected to the Minute Order on July 1 and informed the Court we would file an opposition by the July 7 deadline fixed by the Local Civil Rules. Doc. 15. We timely filed that brief last night. Doc. 16.

For the reasons articulated in our opposition brief, the Court must deny the government's motion to stay and vacate its June 24 order. We will next file a motion to reset the summary-judgment briefing schedule and expect to file our SJ brief no later than July 15.

1

The Court's Minute Order – in addition to failing to await our opposition – is stunningly short and cites no authority for essentially terminating our case:

> "As the defendants note in their motion, the CDC mask order the plaintiffs challenge has been vacated by the Middle District of Florida. *See Health Freedom Defense Fund, Inc. v. Biden*, No. 21-cv-1693, --- F. Supp. 3d ---, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022). That order, along with another order from the Middle District of Florida upholding the CDC mask order, are currently on appeal before the Eleventh Circuit. Despite this progress in parallel proceedings, the plaintiffs here have not diligently prosecuted their case – most recently failing to file their summary judgment motion by the deadline or seek an extension of the deadline from the Court. For the reasons stated in the defendants' motion, the Court will therefore suspend the summary judgment briefing in this case, vacate the briefing schedule contained in the May 20, 2022, Minute Order, and stay this case pending a ruling by the Eleventh Circuit."

The Court faults us for "not diligently prosecut[ing] [our] case," but fails to mention it entered a briefing schedule May 20 granting defendants' request, filed May 18 (Doc. 11), without awaiting our opposition. This appears to be a disturbing pattern by the Court of issuing rulings in the government's favor without permitting us the 14 days allocated by rule to respond to opposed motions. This perhaps suggests a bias by the Court against *pro se* litigants, but higher tribunals have held many times that plaintiffs representing themselves are entitled to more leniency from the Court than it would expect from licensed attorneys.

As argued in our opposition, a stay is not warranted in this case and it's an abuse of discretion to grant the government's motion the next day without awaiting our response. Staying a case due to other proceedings elsewhere "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, **with the balance heavily weighted in favor of the exercise of jurisdiction**. … [The Supreme Court] emphasized that '[o]nly the clearest of justifications will warrant' deferral." *Edge Inv. v. D.C.*, 927 F.3d 549, 553 (D.C. Cir. 2019) (emphasis added).

Here the brief Minute Order was issued without the benefit of opposing arguments, violating the rule that a court must, in an exercise of judgment, weigh competing interests and maintain an even balance. *SEC v. Deloitte Touche Tohmatsu CPA*, 928 F. Supp. 2d 43, 47 (D.D.C. 2013), objections overruled 940 F. Supp. 2d 10 (D.D.C. 2013). The Court here could not have possibly weighed competing interests and maintained an even balance when in granted the government's Motion to Stay Proceedings one day after it was filed, during which short time it was impossible for us to file opposing arguments and 13 days shy of our by-rule right to respond within 14 days.

"The party requesting a stay 'bears the burden of establishing its need.'" *Id*., citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997). CDC has not shown any need for staying this case beyond the desire of its counsel to lighten their workload. Proceedings on similar, but not the same, appeals in another circuit do not establish a need for a stay. "[S]taying this proceeding for an indefinite period will not promote judicial efficiency. *See DSMC, Inc. v. Convera Corp.*, 273 F.Supp.2d 14, 31 (D.D.C. 2002) ('Postponing the resolution of the issues raised in this case for some indefinite time does not comport with the efficient and timely judicial resolution of matters before the federal courts.')." *Id*. at 51.

> "[A] court abuses its discretion in ordering a stay of indefinite duration in the absence of a pressing need. A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description, and an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731–32 (D.C. Cir. 2012) (cleaned up).

Here there is no doubt the June 24 Minute Order is an abuse of discretion because the stay is essentially indefinite – dependent on the actions of a Court of Appeals in another circuit on two cases that do not involve any of the plaintiffs in this action. Based on the D.C. Circuit's holding

3

in *Belize Soc. Dev. Ltd*, we could seek a writ of mandamus compelling this Court to lift the stay. But we first want to give this Court an opportunity to correct its error and vacate the Minute Order before this proceeding has to move to the D.C. Circuit.

Despite the Court's assertion to the contrary, we are committed to diligently prosecuting this case and, as previously noted, will be filing for summary judgment in the next week. The lack of any discussion of opposing views in the June 24 Minute Order means it violates the D.C. Circuit's requirement that "a district court's issuance of an indefinite stay order must be supported by 'a balanced finding that such need overrides the injury to the party being stayed.'" *Id*. The D.C. Circuit "has vacated stay orders where 'the [d]istrict [c]ourt has not advanced any reason for a stay of such potentially long duration.'" *Id*.

For these reasons and those argued extensively in our opposition (Doc. 16), the Court should vacate its June 24 Minute Order and lift the stay in this case.

**LCvR 7(m) Consultation Statement**
Defense counsel Michael Gerardi told us July 1 that Defendants CDC and HHS oppose this motion: "Because the Court issued a stay of proceedings in this case on June 24, 2022, Defendants do not intend to respond to this motion unless specifically directed to do so by the Court."

Respectfully submitted this 8th day of July 2022.

*Janviere Carlin*                      *Jeffery Chandler*
Janviere Carlin, lead plaintiff        Jeffery Chandler, plaintiff
93 Londonderry Way                     8263 Minton Ct.
Uxbridge, MA 01569                     Millersville, MD 21108
Telephone: 757-274-3406                Telephone: 443-370-7428
E-Mail: jshellie@charter.net           E-Mail: chan_man7@yahoo.com

4

## *Beth Ellis*

Beth Ellis, plaintiff
128 Milk St.
Blackstone, MA 01504
Telephone: 860-912-1284
E-Mail: bricher1@gmail.com

## *Gregory Ramola*

Gregory Ramola, plaintiff
5828 Stafford Springs Trail
Orlando, FL 32829
Telephone: 407-694-2767
E-Mail: noniogtitog@aol.com

## *Hal Sims*

Hal Christopher Sims, plaintiff
604 Green Meadow St. N.
Colleyville, TX 76034
Telephone: 817-875-4259
E-Mail:  hcsims@yahoo.com

## *Nathan Town*

Nathan Alexander Town, plaintiff
6119 Whimbrelwood Dr.
Lithia, FL 33547
Telephone: 253-389-3217
E-Mail: townn85@gmail.com

## *Cristina Field*

Cristina Field, plaintiff
1155 Dewees St.
Sumter, SC 29150
Telephone: 334-669-9452
E-Mail: flying.cristina@gmail.com

## *Kurt Schuster*

Kurt Schuster, plaintiff
83 White Tail Run
Hopkinton, NH 03229
Telephone: 517-404-8581
E-Mail: schu_fly@comcast.net

## *Peter Smith*

Peter Smith, plaintiff
14148 Greentree Trail
Wellington, FL 33414
Telephone: 305-215-1270
E-Mail: petestinkysmith@gmail.com

## *Jean-Michael Trousse*

Jean-Michael Trousse, plaintiff
1913 NE 21st St.
Fort Lauderdale, FL 33305
Telephone: 678-778-3777
E-Mail: jmtrousse@gmail.com