UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANVIERE CARLIN, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **CENTERS FOR DISEASE CONTROL AND PREVENTION, et al.**, <br><br> Defendants. | Case No. 22-cv-800 (CRC) |

## ORDER

In this case, ten commercial airline pilots, proceeding *pro se*, challenge the Centers for Disease Control and Prevention's ("CDC") transportation mask order. To reduce the spread of COVID-19, that order required individuals to wear masks while on public transportation conveyances or in transit hubs. It is no longer in effect. In April 2022, shortly before the order was set to expire, Judge Kathryn K. Mizelle in the Middle District of Florida vacated it nationwide. See *CDC Mask Order Remains in Effect and CDC Realigns Travel Health Notice System*, Ctrs. for Disease Control & Prevention (Apr. 13, 2022), https://www.cdc.gov/media/releases/2022/s0413-mask-order.html; Health Freedom Defense Fund, Inc. v. Biden, No. 21-cv-1693, —F. Supp. 3d—, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022), appeal docketed, No. 22-11287 (11th Cir. Apr. 21, 2022); *Order: Wearing of Face Masks While on Conveyances and at Transportation Hubs*, Ctrs. for Disease Control & Prevention (Apr. 18, 2022), https://www.cdc.gov/quarantine/masks/mask-travel-guidance.html.

Because the mask order is no longer in force, and because the Eleventh Circuit is now considering two cases presenting largely the same challenges to it, the government asked the Court to stay these proceedings. See Defs.' Mot. Stay at 2–3, ECF No. 14 (discussing appeals in

Health Freedom and Wall v. CDC, No. 22-11532 (11th Cir. May 4, 2022). The government also noted that the plaintiffs had missed the original deadline for their summary judgment motion. Id. at 3. The Court granted the stay request. See Minute Order of June 24, 2022.

The plaintiffs now move to vacate the stay order and reinstate the summary judgment briefing schedule. See Pls.' Mot. Vacate Stay Order, ECF No. 17; Pls.' Mot. Reset Briefing Schedule, ECF No. 18. The government opposes the plaintiffs' requests. While those motions were pending, the plaintiffs filed their motion for summary judgment, outside of any set schedule. The Court agrees with the government that continuing to stay these proceedings will impose at most a minimal burden on the plaintiffs and will promote judicial economy. The Court therefore denies the plaintiffs' procedural motions and strikes their now-pending summary judgment motion, without prejudice to refiling following the resolution of the Eleventh Circuit appeals.

"The District Court has a broad discretion in granting or denying stays so as to 'coordinate the business of the court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)). "In determining whether to grant a stay, 'the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side.'" Feld Ent., Inc. v. ASPCA, 523 F. Supp. 2d 1, 3 (D.D.C. 2007) (quoting Gordon v. Fed. Deposit Ins. Corp., 427 F.2d 578, 580 (D.C. Cir. 1970)).

The Court sees little hardship in staying the proceedings at this point. As noted, the transportation mask order has been vacated. The plaintiffs concede that they are not currently burdened (or even affected) by it. Rather, over the last several months, they've seen the "faces and smiles" of travelers "daily on the flights [they] operate." Pls.' Opp'n to Defs.' Mot. Stay at

6, ECF No. 16. Thus, unlike in many of the cases the plaintiffs cite, a stay will not postpone their ability to enjoy any of the relief they seek. See, e.g., Dellinger v. Mitchell, 442 F.2d 782, 787 (D.C. Cir. 1971) (finding stay of civil damages suit during pendency of direct criminal appeals improper); DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 31–32 (D.D.C. 2002) (denying intervenor's motion to stay case pending outcome of its arbitration with plaintiff).

      The plaintiffs nevertheless urge the Court to continue consideration of the merits here, citing the risk that the Eleventh Circuit will reverse the Health Freedom order. See Pls.' Opp'n to Defs.' Mot. Stay at 6. But even that possibility seems unlikely to result in enforcement of the challenged CDC mask order against the plaintiffs. It was already set to expire on May 3, 2022, and there is no indication the government would reinstate it after any Eleventh Circuit victory. To be sure, the government has appealed the district court's vacatur ruling, which substantially limited the CDC's authority under the Public Health Service Act. That appeal does not suggest, however, that the government would immediately move to reinstate a months-old public health measure that was set to expire in any case, were it to prevail in the Eleventh Circuit. And even if the government chose to reimpose the mask order, any delay caused by this stay would be minimal—at most, based on the timeline in the plaintiffs' proposed schedules, requiring a few weeks of briefing. See Pls.' Mot. Reset Briefing Schedule at 1 (suggesting short, default schedule for briefing of complex administrative appeal). Because the legal landscape and public health context may have changed by that point, such additional briefing may be necessary anyway.

      Conversely, the Court sees little benefit in moving forward with briefing now. The plaintiffs say only that they "deserve to have [their] arguments heard," noting that their complaint contains some distinct counts from the one in Health Freedom, and that Judge Mizelle

did not reach every count in that complaint in her vacatur opinion there. See Pls.' Opp'n to Defs.' Mot. Stay at 7–8. But the Court sees substantial overlap in the issues in this case and the ones under consideration by the Eleventh Circuit. Indeed, the plaintiffs themselves agree—filing an amicus brief in Wall that "lays out many of the arguments [they'll] be making soon when [they] file for summary judgment in this proceeding." Id. at 3.

In addition, the Court finds that the stay here will promote judicial economy. The ongoing Eleventh Circuit proceedings could moot this case—if it is not already moot. See Andreadakis v. CDC, No. 22-cv-52, 2022 WL 2674194, at *13–15 (E.D. Va. July 11, 2022) (finding claim to "set aside" CDC mask orders "that the government no longer enforces and that no longer have any legal effect" to be moot). And, although this Court will not be bound by the reasoning or outcome of the Eleventh Circuit, any decision there could at a minimum provide guidance that will aid the parties in their briefing and this Court in its decision. Finally, contrary to the plaintiffs' suggestion, the stay here is not "indefinite." See Pls.' Mot. Vacate Stay Order at 3 (citing Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724, 731–32 (D.C. Cir. 2012)). The stay extends only until the resolution of the pending appeals in the Eleventh Circuit—where briefing is active and ongoing.

In sum, although the pendency of parallel proceedings dealing with the same issues does not *require* the entry of a stay here, the Court sees good reason for one. This conclusion is in line with the decisions of several other district courts around the country, which have likewise stayed challenges to the CDC mask order pending the resolution of the Eleventh Circuit appeals. See, e.g., Order, Van Duyne v. CDC, 4:22-cv-122-O (N.D. Tex. May 24, 2022) (entering stay of preliminary injunction proceedings over plaintiffs' objection); Tr. of Motions Hearing at 8:6–

9:13, Seklecki v. CDC, No. 22-cv-10155 (D. Mass. Apr. 26, 2022)[1] (staying portion of challenge to mask mandate as to defendants CDC and Department of Health and Human Services, including request for transfer to Middle District of Florida, pending resolution of Eleventh Circuit appeals).

Accordingly, it is hereby

**ORDERED** that [17] Plaintiffs' Motion to Vacate the Order on Defendants' Motion to Stay is DENIED.  It is further

**ORDERED** that [18] Plaintiffs' Motion to Set a Summary Judgment Briefing Schedule is DENIED.  It is further

**ORDERED** that [20] Plaintiffs' Motion for Summary Judgment is STRICKEN without prejudice to refiling after the lifting of the stay in this matter.  It is further

**ORDERED** that the parties file a joint status report in this matter within seven days of any Eleventh Circuit opinion in the pending related appeals.

**SO ORDERED**.

CHRISTOPHER R. COOPER<br>
United States District Judge

Date:  August 4, 2022

---

[1] The transcript of this motions hearing is publicly available on the docket in Van Duyne. See Ex. A to Defs.' Response to Court's May 13, 2022 Order, Van Duyne v. CDC, No. 4:22-cv-122-O (N.D. Tex. May 19, 2022), ECF No. 37-1.